UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEENON J. FARR,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 17-cv-872-JPG

Criminal Nos. 15-cr-40055-JPG-04

# MEMORANDUM AND ORDER TO SHOW CAUSE

This matter comes before the Court on petitioner Keenon J. Farr's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). On February 9, 2016, the petitioner pled guilty to a superseding indictment charging him with one count of conspiracy to distribute crack cocaine in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(B) and § 846. On June 14, 2016, the Court sentenced the petitioner to serve 125 months in prison, and on June 17, 2016, the Court entered written judgment. The petitioner did not appeal his sentence. Farr signed the pending § 2255 motion on August 2, 2017, and presumably placed it into the prison mail system on the same day.

In his § 2255 motion, the petitioner raises the following claims:

- the superseding indictment was defective because it failed to quote certain language from 18 U.S.C. § 2 and did not contain a *mens rea* element;

- counsel was constitutionally ineffective for not raising the issue of the defective superseding indictment;

- counsel was constitutionally ineffective for allowing the defendant to plead guilty to a defective indictment without knowing – indeed, lacking the capacity to know – the full and correct consequences of the plea; and

- counsel was constitutionally ineffective for failing to investigate the facts of the case.

The Court conducts this review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Court notes that Farr's motion appears to have been filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)      the date on which the judgment of conviction becomes final;
>
> (2)      the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

It appears that the applicable one-year period for Farr is found in § 2255(f)(1), the date on which his conviction became final. Where a petitioner does not appeal his criminal conviction, the judgment of conviction becomes final for § 2255 purposes when the time for appealing his sentence expires. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013); *see, e.g., Flores-Torres v. United States*, No. 11-cv-1223, 2011 WL 2461336, at *1 (C.D. Ill. June 21, 2011). When Farr was sentenced on June 14, 2016, and written judgment was entered June 17, 2016, he had fourteen days from entry of that judgment to file a notice of appeal. [1] Fed. R. App. P. 4(b)(1)(A)(i). Farr's fourteen-day period expired on July 1, 2016. Therefore, his period to file

---

[1] Federal Rule of Appellate Procedure 4(b)(1)(A)(ii), which begins the fourteen-day period from the date the Government filed its notice of appeal, did not apply to Farr because the Government did not file a notice of appeal.

a § 2255 motion under § 2255(f)(1) expired one year later, on July 1, 2017, and his August 2, 2017, motion is too late.

In light of the foregoing, the Court **ORDERS** Farr to **SHOW CAUSE** on or before September 8, 2017, why the Court should not dismiss his § 2255 motion as untimely under § 2255(f). The Government shall have up to and including September 22, 2017, to reply to Farr's response to this order.

**IT IS SO ORDERED.**
**DATED: August 23, 2017**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**